**IT IS ORDERED**

**Date Entered on Docket: April 3, 2020**

_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FELIX S. CANDELARIA JR. and                  Case No. 18-13232-ta7
SARAH DIANA CANDELARIA                    Chapter 7

         Debtors.

### ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF VOIDABLE AND FRAUDULENT TRANSFER CLAIMS (ADV. PRO. NO. 19-01078)

This matter comes before the Court upon the *Chapter 7 Trustee's Motion to Approve Settlement of Voidable and Fraudulent Transfer Claims*, filed March 4, 2020 (Doc. No. 63) (the "**Motion**"), seeking approval of a settlement between Yvette J. Gonzales, chapter 7 trustee (the "**Trustee**") of the above-captioned bankruptcy estate on the one hand, and Marissa Candelaria ("**Marissa**") and Miranda Candelaria ("**Miranda**") (together, the "**Transferees**") on the other. Having considered the Motion and the record, and the requirements set forth in the Bankruptcy Code

and Bankruptcy Rules, and being otherwise sufficiently advised,

THE COURT FINDS:

A. On December 31, 2018 (the "**Petition Date**"), Felix S. Candelaria Jr. and Sarah Diana Candelaria (together, the "**Debtors**") commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). The Trustee was appointed as the chapter 7 trustee for this case and continues to serve in that capacity;

B. Prior to the Petition Date, the Debtors owned the following vehicles (the "**Vehicles**"):

1. 2017 Ram 2500 Laramie (the "**Ram**");

2. 2011 Jeep Wrangler (the "**Jeep**");

3. 2000 Jaguar S Type (the "**Jaguar**");

4. 2012 Nissan Sentra SL (the "**Nissan**");

C. The Trustee alleges the following voidable and fraudulent transfer claims: On August 28, 2018, the Debtors transferred title to the Nissan to Miranda. On September 28, 2018, the Debtors transferred title to the Ram and to the Jeep to Marissa. On October 8, 2018, the Debtor transferred title to the Jaguar to Marissa. The Debtors did not receive any property or payments, nor were any of the Debtors' debts paid, in exchange for the transfers. The Transferees deny the allegations and assert defenses;

D. On November 13, 2019, the Trustee filed a *Complaint* (Doc. No. 1) against the Transferees to recover the Vehicles or the value thereof, initiating adversary proceeding number 19-01078-t (the "**Adversary Proceeding**");

E. The Trustee and the Transferees reached an agreement to settle the bankruptcy

estate's voidable and/or fraudulent transfer claims related to the above-described transfers of the Vehicles. The Transferees agree to pay to the Trustee a total amount of $30,000.00 (the "**Settlement Amount**") within thirty (30) days of Court approval of this settlement agreement (the "**Settlement Agreement**"). The Settlement Agreement also provides i) that the Trustee will release the Transferees from all claims related to the Vehicles and any transfer of the Vehicles, ii) that the Transferees will release the Trustee and the bankruptcy estate from all claims they may have against the Trustee or the bankruptcy estate, and iii) that the Trustee will dismiss the Adversary Proceeding promptly upon receipt of the Settlement Amount. The Settlement Agreement is subject to Court approval;

F. On March 4, 2020, the Trustee filed the Motion to seek Court approval of the Settlement Agreement;

G. On March 4, 2020, the Trustee served and filed the notice of the filing of the Motion (the "**Notice**"), pursuant to Bankruptcy Rules 9019 and 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty one (21) days from the date of the mailing, plus three (3) days based upon service by mail, for a total of twenty four (24) days;

H. The Notice was appropriate in the particular circumstances;

I. The objection deadline, including three (3) days added under Bankruptcy Rule 9006(f), expired on or before March 30, 2020;

J. No objections to the Motion were filed, timely or otherwise; and

K. The Settlement Agreement is fair and equitable, and is in the best interest of and beneficial to the Debtors' estate and creditors and should be approved.

IT IS HEREBY ORDERED that the Settlement Agreement is approved, the Trustee is authorized to enter into the Settlement Agreement as set forth in the Motion and the parties to the Settlement Agreement are authorized and directed to consummate the settlement.

###END OF ORDER###

Submitted by:

ASKEW & WHITE, LLC

By: */s submitted electronically*
    James A. Askew
    Benjamin A. Jacobs
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    (505) 433.3097
    (505) 717.1494 (fax)
    jaskew@askewwhite.com
    bjacobs@askewwhite.com
*Attorneys for the Chapter 7 Trustee*